IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA J. YOUNGBLOOD AND
LEMUEL YOUNGBLOOD,

    Plaintiffs,

vs.                                                                   No. CIV 95-1530 MV/DJS

SMITH & NEPHEW RICHARDS, INC.,
et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court upon Defendant's Motion for Summary Judgment **[Doc. No. 10]** filed August 31, 1999. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully-informed, finds that the motion is not well taken and will be **DENIED**. Plaintiffs' request to hold this matter in abeyance for a reasonable period of time until Plaintiffs reopen the bankruptcy proceeding and a trustee is substituted to pursue or abandon the cause of action is **GRANTED**.

### BACKGROUND

Plaintiffs brought this lawsuit for damages allegedly resulting from a pedicle screw fixation device that was implanted in the pedicles of Sandra Youngblood's spine. Lemuel Youngblood is suing for a loss of consortium. Defendant, Smith & Nephew Richards, the manufacturer of the device, filed a motion for summary judgment asking the Court to dismiss Plaintiffs' claims under the doctrine of judicial estoppel. Four months after this lawsuit was filed, Plaintiffs filed for

Chapter 7 bankruptcy and intentionally failed to disclose this lawsuit during the bankruptcy proceedings. Plaintiffs do not dispute Defendant's factual assertions but ask that the Court either dismiss this lawsuit without prejudice or hold it in abeyance until the trustee can be substituted as the appropriate real party in interest.

## LEGAL STANDARD

Judicial estoppel is applied to prevent situations in which a party may use intentional self-contradiction in different judicial proceedings to obtain an unfair advantage. 18 *Moore's Federal Practice* § 134.30 (3d ed. 1997). Some courts have used the doctrine of judicial estoppel to prevent a debtor from obtaining relief from the bankruptcy court by representing that no claims exist and then subsequently asserting those claims for their own benefit in a separate proceeding. *See Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D.N.Y. 1996). The Tenth Circuit applies state judicial estoppel law in diversity cases. *See Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1325 (10th Cir. 1998). In New Mexico, the doctrine of judicial estoppel requires a showing of inconsistent positions by one party and resulting prejudice to the opposing party. *See Rodriguez v. La Mesilla Construction* Co., 123 N.M. 489, 494 (Ct. App. 1997) (declining to apply judicial estoppel because defendant was not prejudiced); *Ranville v. J.T.S. Enterprises, Inc.*, 101 N.M. 803, 805 (Ct. App. 1984) (inconsistent position and resulting prejudice required).

## ANALYSIS

Defendant has made no showing of prejudice resulting from Plaintiffs' inconsistent positions, as New Mexico law requires. Therefore Defendant is not entitled to relief. Defendant's argument that the doctrine of judicial estoppel has been consistently applied nationwide to bar personal injury lawsuits brought by plaintiffs who failed to disclose the lawsuit

2

in an earlier bankruptcy proceeding is unavailing. *See, e.g. Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D.N.Y. 1996). While this may be true for other jurisdictions, New Mexico law simply does not apply judicial estoppel where the claiming party cannot show prejudice as a result of the inconsistent positions.

This Court wholly disapproves of the manner in which Plaintiffs deceived the United States Bankruptcy Court. However, the Court finds that it is appropriate to allow a reasonable period of time to substitute the trustee of the reopened bankruptcy proceeding as real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure. The Court will hold this case in abeyance until the real party in interest takes appropriate action or abandons the claim. The Court notes that Defendant filed a Motion to Strike the Expert Report of Matthew D. Skolnick, M.D. and to Exclude His Opinion Testimony and for Summary Judgment on the Issue of Causation on January 5, 2000 and a Motion for Summary Judgment on January 7, 2000. Any Response or Reply to these particular motions should be filed according to briefing schedule.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 10]** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' request that this matter be held in abeyance for a reasonable period of time to substitute the real party in interest to pursue or abandon the cause of action be **GRANTED**.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

3